**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| TIMISHA TATE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | Case No. 1:26CV367 |

**DEFENDANT UNITED STATES POSTAL SERVICE'S**
**BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

NOW COMES the Defendant, United States Postal Service ("USPS" or "United States"), by and through the Honorable Dan Bishop, United States Attorney for the Middle District of North Carolina, and submits this brief in support of its Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I. STATEMENT OF THE CASE

This matter is an untimely claim of employment discrimination brought under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA") related to Plaintiff Timisha Tate's former employment with the USPS. Plaintiff alleges that unspecified discrimination arose from her race and disability and resulted in the termination of her employment, a failure to accommodate a disability, and retaliation. Plaintiff does not provide any further factual basis for her allegations of discrimination.

Other than checking boxes indicating the purported legal bases for her claims, Plaintiff did not provide any factual allegations in the Complaint beyond alleging that a discriminatory act occurred on September 12, 2019, and that the alleged discrimination related to race and a disability or perceived disability specified as an "[i]njury on job." Plaintiff attached a Decision on Request for Reconsideration by the U.S. Equal Employment Opportunity Commission ("EEOC") dated January 20, 2026, that appears related to an EEOC charge against the USPS, but this document provides no factual basis for the underlying charge.

As such, Plaintiff's *pro se* form Complaint contains no factual allegations that, even if accepted as true, could support a claim of discrimination under either Title VII or the ADA. Moreover, Plaintiff may not sue the United States under the ADA.

Additionally, any Title VII claim is untimely. Plaintiff certified that she received a Notice of Right to Sue letter on January 20, 2026, and the attached Decision on Request for Reconsideration informed her on that date that she must file a Complaint in federal court within 90 days. Plaintiff filed her Complaint on April 23, 2026, which is more than 90 days after January 20, 2026.

Finally, the underlying record of the EEOC appeal that Plaintiff referenced by attaching the Request for Reconsideration decision to her Complaint shows that Plaintiff failed to administratively exhaust her claims. Any federal complaint related to those unexhausted claims should be dismissed.

Thus, Plaintiff's Complaint fails to state a Title VII or ADA claim, Plaintiff may not sue Defendant under the ADA, and Plaintiff's claims are untimely and unexhausted. For these reasons, the Complaint should be dismissed.

## II. STATEMENT OF FACTS

The information in this statement of facts is taken from the allegations made on the face of Plaintiff's Complaint.

Plaintiff brought this *pro se* action by Complaint dated April 23, 2026. Compl. (Doc. # 2). The Complaint in this matter is a pre-printed "COMPLAINT FOR EMPLOYMENT DISCRIMINATION" form that permitted Plaintiff to fill in information to establish any claims. Through handwritten answers, Plaintiff provided her name and address, the name and address of Defendant USPS, and the address for the branch of the USPS that had been her place of employment. Compl. ¶¶ I.A–I.C.

Under the section for basis of jurisdiction, Plaintiff checked the boxes for "Title VII of the Civil Rights Act of 1964" and "Americans with Disabilities Act of 1990." Compl. ¶ II.

The following "Statement of Claim" section instructed Plaintiff to "[w]rite a short and plain statement of the claim" and prompted her to check boxes and provide additional information to detail the facts of the case. Compl. ¶ III. Plaintiff checked the boxes for the following discriminatory conduct: termination of employment, failure to accommodate a disability, and retaliation. Compl. ¶ III.A. Through a handwritten response, Plaintiff alleged that discriminatory acts occurred on September 12, 2019. Compl. ¶ III.B. Plaintiff then checked the boxes to allege that Defendant had discriminated against her based on her race and disability and Plaintiff wrote by hand that the disability related to an injury on the job. Compl. ¶ III.D. Where the form complaint prompted Plaintiff to describe the facts of her case, Plaintiff did not write anything. Compl. ¶ III.E. This portion also instructed Plaintiff that she could attach a copy of any charge filed with the EEOC as additional support for the facts of her claim.

Compl. ¶ III.E. After the form complaint, Plaintiff appended an EEOC Decision on Request for Reconsideration, but this document did not describe the factual nature of any charge beyond stating that the EEOC had "review[ed] the previous decision and the entire record." Compl. at 7-9.[1]

Under the section of the Complaint related to exhaustion of federal administrative remedies, Plaintiff certified that the EEOC issued her a Notice of Right to Sue letter and that she received the letter on January 20, 2026. Compl. ¶ IV.B.[2]

Finally, under the section of the Complaint related to the relief sought, Plaintiff provided the following handwritten notations: backpay, front pay, and either damages and compensation or compensation damages. Compl. ¶ V.

Plaintiff signed and dated the Complaint on April 23, 2026, and certified that the factual contentions contained therein had evidentiary support. Compl. ¶ VI.

The Complaint contains no further factual allegations than those detailed above. *See generally* Compl.

---

[1] Plaintiff's Complaint (Doc. # 2) is comprised of both the form complaint, with enumerated paragraphs at ECF pages one to six, and also the EEOC Decision at ECF pages seven to nine.

[2] Plaintiff also certified that to the best of her recollection she filed her EEOC charge on August 25, 2025. Compl. ¶ IV.A. Based on the appended EEOC decision, which showed that the EEOC was being asked to reconsider a decision it had made on August 25, 2025, it appears from the Complaint unlikely that Plaintiff filed her initial EEOC charge on August 25, 2025. The appended EEOC decision is also dated January 20, 2026, the same date that Plaintiff alleges she received notice of her right to sue from the EEOC.

## III. QUESTIONS PRESENTED

A. Has Plaintiff failed to state a claim for which relief may be granted under Rule 12(b)(6) by providing only conclusory factual allegations in her form Complaint?

B. Should any ADA claim against Defendant be dismissed under Rule 12(b)(1) where that statute does not permit suit against the United States?

C. Is Plaintiff's Complaint untimely on its face under Rule 12(b)(6) where it was filed more than 90 days after Plaintiff states that she received an EEOC right-to-sue letter?

D. Should the Complaint be dismissed as unexhausted under Rule 12(b)(6) where the underlying record shows that Plaintiff first sought informal EEO counseling at least 277 days after the alleged discriminatory conduct?

## IV. STANDARD OF REVIEW

A motion made under Rule 12(b)(6) tests whether a complaint has successfully "state[d] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While detailed factual allegations are not necessary to withstand a Rule 12(b)(6) challenge, a plaintiff must nonetheless provide "more than labels or conclusions" or a "formulaic" recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible only when a plaintiff pleads factual content that enables the Court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This "plausibility standard" requires "more than a sheer possibility that a defendant acted unlawfully." *Id.* In other words, "the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v.*

*Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 680). "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Id.* at 255. While the court must assume that any "well-pleaded factual allegations" in a complaint are accurate, conclusory allegations "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

Federal Rule of Civil Procedure 12(b)(1) requires that an action be dismissed for lack of subject-matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case. Under Rule 12(b)(1), plaintiff bears the burden of establishing federal jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "[S]overeign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) (internal quotation marks omitted) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009)).

## V. ARGUMENT

### A. Dismissal of Plaintiff's Complaint is Appropriate Under Rule 12(b)(6) Because Plaintiff Makes Virtually No Non-Conclusory Factual Allegations.

"While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff is required to allege facts that support a claim for relief." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Allegations

of "discrimination" or "retaliation" are "not talismanic, for they are but a legal conclusion; it is the alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage." *See id.* A "plausible claim to relief 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Katti v. Arden*, 161 F.4th 217, 224 (4th Cir. 2025) (quoting *Iqbal*, 556 U.S. at 678).

This is true, even where, as here, a party is proceeding *pro se*.

> Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine Twombly's requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing pro se complaint).

*Emezie v. Smith*, No. 1:16CV567, 2016 WL 4705676, at *1 n.1 (M.D.N.C. July 14, 2016) (Peake, M.J.), *report and recommendation adopted*, No. 1:16CV567, 2016 WL 4705556 (M.D.N.C. Sept. 8, 2016). Thus, while *pro se* complaints must be construed liberally, "the Fourth Circuit has also held that courts should not 'conjure up questions never squarely presented to them' or attempt to 'construct full blown claims from sentence fragments.'" *Bigelow v. Stancil*, No. 1:11CV610, 2013 WL 664234, at *2 (M.D.N.C. Feb. 22, 2013) (Peake, M.J.) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)). Therefore, even where a plaintiff is proceeding *pro se*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," if the complaint is of "a general and conclusory 'the defendant harmed me' nature." *See Richardson v. Wellpath Health Care*, No. 1:20CV777, 2021 WL 1430909, at *1 (M.D.N.C. Mar. 8, 2021) (quoting *Iqbal*, 556 U.S. at 677), *report and recommendation adopted*,

No. 1:20CV777, 2021 WL 1430698 (M.D.N.C. Apr. 15, 2021); *accord Anderson v. Hiatt*, No. 1:20CV145, 2021 WL 1648763, at *1 (M.D.N.C. Apr. 27, 2021) (Peake, M.J.).

Under these standards—even when considering that Plaintiff is proceeding *pro se*—the Court should dismiss the Complaint for failure to state a claim because it consists entirely of conclusory legal statements with no supporting factual allegations. Even the attached EEOC decision does not supply additional factual support for any of Plaintiff's claims. The Complaint says, when read liberally: Defendant USPS terminated Plaintiff's employment, failed to accommodate her disability, and retaliated against her allegedly due to her race and an "[i]njury on the job" disability or perceived disability. Compl. ¶¶ IIIA., III.D. These allegations do not suffice. *See McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (allegation that adverse employment action was due to "decisionmakers' bias against African American women" was no more than a conclusion that could not factually support a Title VII claim). Without more, the Complaint contains nothing but threadbare "the defendant harmed me" allegations that cannot survive a Motion to Dismiss. *See Katti*, 161 F.4th at 224; *Bass*, 324 F.3d at 765; *Richardson*, 2021 WL 1430909, at *1.

For these reasons, the Court should dismiss the Complaint for failure to state a claim for which relief can be granted under Rule 12(b)(6).

### B. Dismissal of Plaintiff's ADA Claim is Appropriate under Rule 12(b)(1) Because the ADA Does not Permit Plaintiff to Sue the United States, and this Court thus Lacks Subject-Matter Jurisdiction.

Under the concept of sovereign immunity, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *accord Lancaster v. Sec'y of Navy*, 109 F.4th

283, 292 (4th Cir. 2024). The ADA explicitly excepts, among others, "the United States[ or] a corporation wholly owned by the government of the United States" from its definition of "Employer" who may be sued under the statute. 42 U.S.C. § 12111(5)(B); *accord Jones v. Am. Postal Workers Union*, 192 F.3d 417, 424 (4th Cir. 1999). Thus, "the Court lacks subject matter jurisdiction over any alleged ADA claim against the federal government because the federal government cannot be sued under the ADA." *Hooker v. Disbrow*, No. 1:16-CV-1588-GBL-JFA, 2017 WL 1377696, at *3 (E.D. Va. Apr. 13, 2017); *see also Brown v. Henderson*, 6 F. App'x 155, 156 (4th Cir. 2001) ("The magistrate judge did not abuse his discretion by dismissing [plaintiff's] ADA claim because the Postal Service is not subject to suit under the ADA.").[3]

For this reason—in addition to the reasons stated above related to the Complaint's lack of a factual basis for any claims—this Court should dismiss any ADA claim against Defendant under Rule 12(b)(1) for lack of subject-matter jurisdiction.

### C. Dismissal is Additionally Appropriate Under Rule 12(b)(6) Because Any Title VII Claim Is Untimely on its Face.

This Court should further dismiss the Complaint pursuant to Rule 12(b)(6) because Plaintiff filed it more than 90 days after she alleged that she received notice of her right to sue from the EEOC.

[3] It is possible that Plaintiff referenced the ADA because she alleges that her claims arose from a purported "[i]njury on job" which she further alleges was a "disability or perceived disability." Compl. ¶ III.D. However, even if so, the ADA does not provide a proper basis to sue the United States or the USPS and, conversely, disability is not a proper basis for a Title VII claim. In any event, as noted above, whether brought under the ADA or any other federal law, Plaintiff's Complaint fails to allege a factual basis for any claim and the purported ADA claim should be dismissed for that additional reason.

"Section 2000e-5 of Title VII requires that a Plaintiff filing under Title VII file suit within 90 days of receiving a notice of the right to sue from the EEOC." *Cromratie v. Carolina Dental Arts*, No. 1:17CV207, 2017 WL 5444549, at *2 (M.D.N.C. Nov. 1, 2017) (Peake, M.J.). Thus, a "discrimination claimant who fails to file suit within the ninety-day statutory time period mandated by Title VII generally forfeits the right to pursue his claim." *Radin v. Runyon*, 112 F.3d 510 (Table), 1997 WL 210859, at *1 (4th Cir. 1997).

"[W]here facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Thus, "a defendant may properly raise an affirmative defense of untimeliness," such as the 90-day Title VII period, "through Rule 12(b)(6) when the facts supporting the defense plainly appear on the face of the Complaint." *Cromratie*, 2017 WL 5444549, at *2.

According to Plaintiff's Complaint, after the EEOC denied her charge, Plaintiff received a notice of her right to sue. Plaintiff certified in her Complaint that she received the EEOC's Notice of Right to Sue letter on "Jan 20, 2026." Compl. ¶ IV.B. Ninety days after January 20, 2026, would have been April 20, 2026. Plaintiff signed and filed the Complaint in this matter on April 23, 2026. Compl. ¶ VI.A. Thus, based on the information contained on the face of the Complaint, Plaintiff's claims are untimely and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[4]

---

[4] The Government notes that the Decision on Request for Reconsideration attached to Plaintiff's Complaint contains a Certificate of Mailing that indicated that the decision was mailed to Plaintiff on January 20, 2026, and that "the Commission will presume that this decision was received within five (5) calendar days after it was made available to the parties." Compl. at 9.

**D. In the Alternative, Dismissal is Appropriate Because Plaintiff Has Failed to Administratively Exhaust any Title VII or Rehabilitation Act Claims.**

This Court should alternatively dismiss any Title VII or potential Rehabilitation Act claims against Defendant for failure to exhaust under Rule 12(b)(6) because Plaintiff did not first seek EEO counseling within 45 days of the alleged discriminatory conduct in this case.[5]

> [Under Title VII, a] federal employee who believes herself to be aggrieved must initiate contact with a counselor within forty-five days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within forty-five days of the effective date of the action. 29 C.F.R. § 1614.105(a) (July 12, 1999). A plaintiff's failure to timely consult an EEO counselor requires dismissal of her claims for failure to exhaust her administrative remedies. *See Zografov v. Veteran's Admin. Med. Ctr.*, 779 F.2d 967, 968–69 (4th Cir. 1985). Courts strictly adhere to these time limits and rarely allow equitable tolling of limitations periods. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

*Khoury v. Meserve*, 85 F. App'x 960, 960 (4th Cir. 2004); *accord Farmer v. Miller*, No. 5:20-CV-00677-M, 2022 WL 857040, at *4 (E.D.N.C. Mar. 22, 2022). Failure to exhaust these administrative remedies is a basis for dismissal under rule 12(b)(6). *See Barnes v. Quest Diagnostics*

---

Based on this timeframe of mailing and presumption of receipt, it would be unclear if Plaintiff received the right-to-sue letter on January 20, 2026, as she states in her Complaint. However, as noted above, Plaintiff certified that she received notice on January 20, 2026, and personal receipt of a physical right-to-sue letter is not the only way to receive notice. *See, e.g.*, *Stewart v. Johnson*, 125 F. Supp. 3d 554, 558 (M.D.N.C. 2015) (finding that emailing EEOC decision to plaintiff's attorney before receipt of physical mailing started the 90-day clock). Without more factual information from Plaintiff, the Complaint itself indicates that her suit in federal court is untimely.

[5] Plaintiff relies on the ADA as a legal basis for her claims against Defendant. As noted above, the United States and its agencies may not be sued under the ADA. However, to the extent Plaintiff means to bring a Rehabilitation Act claim against Defendant, leave to amend the Complaint to add such a claim would be futile considering that it would be unexhausted as further described in this section. Leave to amend any Title VII claim to clarify the factual basis would also be futile considering that the record before the Court demonstrates that it too was unexhausted.

*Clinical Lab'ys, Inc.*, No. 1:22-CV-736, 2024 WL 1307217, at *3 (M.D.N.C. Mar. 27, 2024). Similarly, "Rehabilitation Act claims 'must comply with the same administrative procedures that govern federal employee Title VII claims.'" *Stewart v. Iancu*, 912 F.3d 693, 698 (4th Cir. 2019) (quoting *Wilkinson v. Rumsfeld*, 100 F. App'x 155, 157 (4th Cir. 2004)). This includes the 45-day period to seek EEO counseling. *Wilkinson*, 100 F. App'x at 157.

As noted above, as part of the Complaint, Plaintiff attached an EEOC Decision on Request for Reconsideration ("RFR"). The RFR decision was identified by Appeal Number 2025002837 and Agency Number 4B-270-03972-25. The RFR decision in turn referenced an underlying decision in "*Youlanda P. v. United States Postal Service*, EEOC Appeal No. 2025002837 (August 25, 2025)."[6] This August 25, 2025 EEOC decision has been published and is available via widely used electronic databases, such as Westlaw and LEXIS, as confirmed by the anonymized party name, the date of decision, the EEOC Appeal Number, and the Agency Number. *See Youlanda P.*, EEOC App. No. 2025002837, 2025 WL 4668075, 2025 LX 677869, 2025 EEOPUB LEXIS 3222 (2025).[7] The Court may consider this August 25 decision in deciding Defendant's Motion to Dismiss to the extent that, through Plaintiff's attachment of the RFR decision, the underlying decision itself is integral to and explicitly relied on in the Complaint and because it is a matter of public record. *See Barnes*, 2024 WL 1307217, at *3.

---

[6] As noted in the RFR decision attached to the Complaint, "Youlanda P." is a randomly assigned pseudonym used to identify Plaintiff's case when the decision was published to non-parties.

[7] This August 2025 decision is also available to view publicly via the EEOC's online database at https://www.eeoc.gov/sites/default/files/decisions/2026_03_20/2025002837%20DEC_0.pdf.

Taken together, these decisions, which relate to the procedural posture of Plaintiff's Complaint—if not necessarily the factual allegations contained therein—show that Plaintiff failed to properly exhaust her administrative remedies when she belatedly sought EEOC counseling in this case. As the August 25, 2025 EEOC decision stated, in relevant part:

> On January 2, 2025, Complainant made EEO Counselor contact. On April 11, 2025, Complainant filed a formal complaint alleging that the Agency subjected her to discrimination based on disability, and in reprisal for prior protected EEO activity when: in March 2024, management informed the Department of Labor (DOL) that Complainant was terminated, and she was only paid compensation through September 19, 2019.
>
> . . . .
>
> In the instant case, the alleged discriminatory act occurred in March 2024, but Complainant did not initiate contact with an EEO counselor until January 2, 2025, at least ten months later, well beyond the 45-day limitation period.

*Youlanda P.*, 2025 WL 4668075, at *1–2, 2025 LX 677869, at *1–3, 2025 EEOPUB LEXIS 3222, at *1–3.

The underlying EEOC decision shows that Plaintiff procedurally failed to properly exhaust her administrative remedies related to this matter when she first sought pre-charge counseling with the EEOC at least 277 days after any alleged discriminatory conduct occurred.[8]

---

[8] The EEOC decision listed simply "March 2024" as the date of any purported discrimination. Using a March 1, 2024 date would mean that Plaintiff's contact with an EEO Counselor on January 2, 2025, came 307 days after the discriminatory act: 262 days beyond the 45-day limit Plaintiff had to make such contact. Conservatively, if a general "March 2024" date were to be used—meaning that Plaintiff alleged that discriminatory conduct occurred sometime in March, up to and including March 31—then the first contact with an EEO Counselor on January 2, 2025, would nevertheless have been made 277 days after the discriminatory act: 232 days beyond the 45-day limit. Under either of these timelines Plaintiff would have failed to exhaust her administrative remedies following alleged discrimination in March 2024.

Moreover, to the extent that Plaintiff is instead alleging that the discriminatory conduct occurred on September 12, 2019—as appears on the face of the Complaint, Compl. ¶ III.B—as opposed to in March 2024, then the first contact with an EEO Counselor on January 2, 2025, would be even more untimely: 1,939 days after the alleged discriminatory conduct, or 1,894 days beyond the 45 days permitted.

For these reasons—in addition to arguments about the facial untimeliness of the Complaint as mentioned above—this Court should dismiss the Complaint because Plaintiff failed to exhaust her administrative remedies when she belatedly sought EEO counseling. Moreover, leave to amend the Complaint would be futile considering that no artful pleading could overcome the conclusion that these claims are unexhausted.

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's claims as set out herein pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

This the 14th day of July, 2026.

Respectfully submitted,

DAN BISHOP
United States Attorney

*/s/ Andrew Durham*
Andrew S. Durham
Assistant United States Attorney
NC Bar No. 61630
101 South Edgeworth Street, 4th Floor
Greensboro, NC 27401
(336) 333-5351
andrew.durham@usdoj.gov
*Counsel for Defendant United States Postal Service*

## CERTIFICATE OF WORD COUNT

I certify that this Memorandum complies with the word count limit set forth in L.R. 7.3(d). The number of words in this Memorandum, exclusive of the caption, signature lines, certificate of service, and any cover page or index, according to the word count feature of the word processing software used to prepare the Memorandum, does not exceed 6,250 words.

This the 14th day of July, 2026.

*/s/ Andrew Durham*
Andrew S. Durham
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2026, the foregoing was served on the following by mailing it to the person's last known address pursuant to Federal Rule of Civil Procedure 5(b)(2)(C):

Timisha Tate
408 High Street
Greensboro, NC 27406
*Pro se Plaintiff*

*/s/ Andrew Durham*
Andrew S. Durham
Assistant U.S. Attorney