FILED
IN THIS OFFICE
AUG 04 2026
Clerk U.S. District Court
Greensboro, NC
BY

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF NORTH CAROLINA

TIMISHA TATE,
Plaintiff,

v. Civil Action No. 1:26-cv-00367-DAB-JEP

DAVID STEINER,
Defendant.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

NOW COMES Plaintiff, Timisha Tate, proceeding pro se, and respectfully submits this Response in Opposition to Defendant's Motion to Dismiss. Plaintiff respectfully requests that the Court deny Defendant's Motion because the Motion does not fully account for the circumstances surrounding Plaintiff's Equal Employment Opportunity ("EEO") contact, her prolonged efforts to obtain benefits through the Office of Workers' Compensation Programs ("OWCP"), or the factual basis of her discrimination and retaliation claims. Alternatively, Plaintiff respectfully requests leave to amend her Complaint to provide any additional factual allegations the Court determines are necessary.

I. STATEMENT OF FACTS

Plaintiff was employed by the United States Postal Service ("USPS") as a Rural Carrier Associate ("RCA"). On September 12, 2018, Plaintiff sustained an injury while performing her employment duties. Following that injury, Plaintiff had medical restrictions and pursued an OWCP claim concerning her work-related injury.

Plaintiff previously participated in protected EEO activity and prevailed in earlier EEO matters involving hostile treatment and USPS's failure to provide her available work while she was on limited duty. Plaintiff contends that the treatment she later experienced, including USPS's refusal to provide work, failure to accommodate her medical restrictions, lack of meaningful communication, and eventual separation from employment, was discriminatory and retaliatory.

Plaintiff repeatedly attempted to communicate with USPS supervisors and requested necessary workers' compensation documentation, including CA-17 forms. Beginning in or around July 2019, Plaintiff's communications and requests were not answered. Plaintiff possesses text messages showing that she contacted a supervisor seeking assistance but received no response. USPS also failed to engage Plaintiff in a meaningful interactive process concerning her medical restrictions and available work.

During this period, Plaintiff was actively pursuing her OWCP claim and was represented by an attorney in that matter. Plaintiff's attorney advised her not to continue communicating directly with USPS while the OWCP proceedings were pending. Plaintiff followed that legal advice and concentrated on establishing her entitlement to workers' compensation benefits.

The OWCP dispute continued for several years. Department of Labor records from 2023 and 2024, along with an OWCP payment issued on or about April 5, 2024, demonstrate that Plaintiff's workers' compensation matter remained active long after the employment actions challenged in this case. The length of those proceedings supports Plaintiff's position that she was continuously pursuing relief connected to her injury and employment rather than intentionally abandoning or delaying her discrimination claims.

After making progress in the OWCP matter and learning more fully that USPS's conduct could support separate discrimination and retaliation claims, Plaintiff contacted an EEO counselor in January 2025. Plaintiff does not dispute the date of that initial contact. However, she respectfully submits that the surrounding circumstances—including the prolonged OWCP proceedings, her reliance upon counsel's advice, USPS's failure to respond to her requests, and her lack of knowledge concerning the EEO filing deadline—must be considered when determining whether equitable tolling or another exception applies.

Plaintiff further alleges disparate treatment. USPS accused Plaintiff of falsifying medical documentation and used that accusation as a basis for terminating or separating her from employment. However, a similarly situated white employee who allegedly falsified documentation was not terminated. Plaintiff contends that this difference in treatment, together with her prior protected EEO activity and USPS's refusal to accommodate or provide her work, supports plausible claims of discrimination and retaliation.

Plaintiff's Complaint, liberally construed, alleges that USPS discriminated against her because of her disability and race, retaliated against her because of her prior protected EEO activity, failed to accommodate her medical restrictions, failed to engage in the interactive process, and treated a similarly situated white employee more favorably. Plaintiff seeks an opportunity to prove these claims through discovery and respectfully submits that dismissal at this early stage would be improper.

## II. STANDARD OF REVIEW

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint; it is not intended to resolve disputed facts, determine the merits of the claims, or weigh the evidence. *Bing v. Brivo Systems, LLC*, 959 F.3d 605, 616 (4th Cir. 2020). At this

stage, the Court must accept the Complaint's well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor.

To survive dismissal, a complaint need only contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is not required at the pleading stage to prove her case or produce all evidence supporting her claims. The issue is whether the alleged facts, accepted as true, reasonably support an inference that the defendant may be liable for the alleged misconduct.

Because Plaintiff is proceeding without an attorney, her pleadings must be liberally construed. A pro se complaint, however inartfully pleaded, is held to a less stringent standard than a pleading prepared by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court should therefore consider the substance of Plaintiff's factual allegations instead of dismissing potentially valid claims merely because Plaintiff did not use precise legal terminology or organize the Complaint as an attorney might have done.

Liberally construed, Plaintiff's allegations identify the principal events and conduct supporting her claims: her prior protected EEO activity; her work-related injury and resulting medical restrictions; USPS's failure to provide available work or accommodate those restrictions; USPS's failure to respond to requests for required workers' compensation forms; the termination or separation of Plaintiff while a similarly situated white employee was allegedly treated more favorably; and Plaintiff's prolonged pursuit of her OWCP claim before contacting an EEO counselor.

These factual allegations provide Defendant with fair notice of the nature and basis of Plaintiff's discrimination, retaliation, disparate-treatment, and failure-to-accommodate claims. When the allegations are accepted as true and construed in Plaintiff's favor, they are sufficient to proceed beyond the pleading stage. Any disagreement about the truth of those allegations, the reason for USPS's actions, or whether other employees were similarly situated presents factual questions that should not be resolved against Plaintiff on a motion to dismiss.

Accordingly, Defendant's Motion should be denied. If the Court determines that the original Complaint does not contain enough detail concerning any claim, Plaintiff respectfully requests an opportunity to amend the Complaint rather than dismissal with prejudice.

III. PLAINTIFF'S EEO CONTACT SHOULD NOT BE DISMISSED AS UNTIMELY WITHOUT CONSIDERING THE REQUIRED EXTENSIONS AND EQUITABLE-TOLLING CIRCUMSTANCES

Defendant argues that Plaintiff's claims must be dismissed because she did not contact an EEO counselor within 45 days of the challenged employment actions. Plaintiff does not

dispute that she first contacted an EEO counselor concerning the claims at issue in January 2025. However, the 45-day requirement is subject to extension under the governing federal-sector EEO regulation, and Plaintiff has alleged circumstances that must be considered before her claims are dismissed.

Under 29 C.F.R. § 1614.105(a)(1), a federal employee generally must initiate contact with an EEO counselor within 45 days of the alleged discriminatory matter or the effective date of a personnel action. However, § 1614.105(a)(2) provides that the agency or Commission shall extend the time limit when the individual shows that she was not notified of the time limit and was not otherwise aware of it; did not know and reasonably should not have known that the discriminatory matter or personnel action occurred; was prevented by circumstances beyond her control from contacting a counselor despite due diligence; or presents other reasons considered sufficient.

Plaintiff was not notified of the 45-day EEO counseling requirement in the Notice of Removal. The second page advised Plaintiff only that she had the right to file a grievance under the grievance and arbitration procedures contained in Article 15 of the National Agreement within fourteen days of receiving the notice. It did not advise Plaintiff that she was required to contact an EEO counselor within 45 days. Plaintiff's signature reflects that she received the notice on February 11, 2019, and the document was subsequently stamped received by USPS Labor Relations on February 13, 2019.

Although Plaintiff had participated in prior EEO matters, those matters were handled with the assistance of union representatives or stewards. Her prior involvement does not establish that she personally knew about the separate 45-day EEO counseling requirement. The removal notice reinforced Plaintiff's understanding that she should proceed through her union because it specifically directed her to the grievance and arbitration process without providing any information about the EEO process or its deadline.

The circumstances also created uncertainty regarding the effective date of Plaintiff's removal. The Notice of Removal was dated and delivered on February 11, 2019, but it did not state that Plaintiff's removal became effective that day. Instead, it stated that Plaintiff "will be removed from the Postal Service on thirty (30) days from receipt of this notice." Department of Labor records later identified Plaintiff's termination date as occurring in September 2019. The difference between the date of the notice, the prospective removal date described in that notice, and the termination date reflected in Department of Labor records creates a factual question concerning the actual effective date of Plaintiff's removal.

Plaintiff also repeatedly attempted to obtain CA-17 forms and other assistance necessary to pursue her work-related injury claim. Her messages were not answered, and USPS did not clearly explain her employment status, her available EEO remedies, or the applicable 45-day deadline. Plaintiff was simultaneously represented in the OWCP matter and followed her attorney's instruction not to communicate directly with USPS while that proceeding remained pending.

Plaintiff does not contend that pursuing an OWCP claim automatically suspended the EEO deadline. Rather, the prolonged OWCP proceedings, counsel's instruction, the lack of responses from USPS, the different dates reflected in the relevant records, the removal notice's direction to use the union grievance procedure, and the absence of any notice concerning the 45-day EEO requirement collectively explain why Plaintiff did not recognize that separate EEO counseling was required earlier.

Plaintiff continued pursuing relief connected to her work-related injury rather than abandoning her rights. The OWCP dispute continued for several years, and Department of Labor records from 2023 and 2024 demonstrate that the matter remained active. After Plaintiff obtained progress or relief in the OWCP proceeding and learned that USPS's conduct could also support separate discrimination and retaliation claims, she contacted an EEO counselor in January 2025.

The documents support Plaintiff's assertion that she was not notified of the 45-day EEO requirement and that different records reflected different dates concerning her separation. Under 29 C.F.R. § 1614.105(a)(2), the 45-day period shall be extended when an individual was not notified of the applicable time limit and was not otherwise aware of it.

Whether Plaintiff had actual or constructive knowledge of the 45-day requirement, when her removal became effective, and whether the combined circumstances justify an extension involve factual questions that should not be resolved against Plaintiff solely on a motion to dismiss. Plaintiff should be permitted to develop the relevant evidence, including the complete Notice of Removal, USPS personnel records, Department of Labor records, communications with supervisors, prior EEO documents, and evidence showing that union representatives handled her earlier EEO matters.

For these reasons, Defendant's request to dismiss Plaintiff's claims as untimely should be denied. Alternatively, if the Court concludes that Plaintiff's original Complaint does not contain sufficient detail concerning timeliness, Plaintiff respectfully requests leave to amend the Complaint to allege these circumstances more specifically and attach or identify the supporting records.

## IV. PLAINTIFF HAS ALLEGED PLAUSIBLE CLAIMS OF DISCRIMINATION, RETALIATION, AND FAILURE TO ACCOMMODATE

An employment-discrimination plaintiff is not required to prove a complete prima facie case at the pleading stage. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002). The prima facie framework is an evidentiary standard, not a heightened pleading requirement. Plaintiff must allege sufficient facts to permit a reasonable inference of unlawful discrimination or retaliation. When Plaintiff's allegations are accepted as true and liberally construed, they meet that requirement.

### A. Plaintiff Has Alleged a Plausible Race-Discrimination and Disparate-Treatment Claim

Plaintiff alleges that USPS accused her of falsifying medical documentation and relied upon that accusation as the stated reason for removing her from employment. Plaintiff further alleges that a similarly situated white employee who allegedly engaged in comparable conduct involving falsified documentation was not removed from employment.

The difference in discipline imposed for comparable alleged misconduct supports a reasonable inference of disparate treatment. Plaintiff has identified the relevant misconduct, the adverse action taken against her, and an employee outside her protected class who was allegedly treated more favorably. The identities of the responsible decision-makers, the comparator's complete disciplinary record, and USPS's internal reasons for imposing different discipline are matters primarily within Defendant's possession and are appropriately developed through discovery.

At the motion-to-dismiss stage, Plaintiff is not required to prove that the comparator was identical to her in every respect. The allegation that a white employee accused of comparable misconduct was retained while Plaintiff was removed gives Defendant fair notice of the basis of Plaintiff's race-discrimination claim and supports a reasonable inference of unequal treatment. If additional information about the comparator is required, Plaintiff respectfully requests leave to amend after obtaining or identifying the available records.

### B. Plaintiff Has Alleged a Plausible Retaliation Claim

Plaintiff engaged in protected activity by participating in prior EEO proceedings concerning USPS's treatment of her, including hostile treatment and USPS's failure to provide her available work while she was on limited duty. USPS was aware of that protected activity because the prior matters were brought against the agency and resulted in relief favorable to Plaintiff.

After Plaintiff's protected activity, she alleges that USPS continued or escalated adverse treatment against her. That treatment included failing to provide available work consistent with her restrictions, failing to respond to her requests for required workers' compensation forms, failing to meaningfully address her medical limitations, and removing her from employment while allegedly treating a white employee accused of comparable conduct more favorably.

Plaintiff does not rely solely upon the timing of one isolated event. She alleges a continuing pattern of adverse treatment following her protected EEO activity, including conduct by USPS officials who knew or reasonably would have known about those proceedings. Taken together and viewed in Plaintiff's favor, the prior protected activity, USPS's knowledge, the subsequent adverse actions, the refusal to respond to Plaintiff's requests, and the difference in disciplinary treatment support a plausible inference of retaliation.

The precise motives of the responsible USPS officials, their knowledge of Plaintiff's earlier EEO activity, their communications concerning Plaintiff, and the reasons for their decisions are factual matters that should be tested through discovery rather than resolved against Plaintiff on a motion to dismiss.

C. Plaintiff Has Alleged Disability Discrimination and Failure to Accommodate Under the Rehabilitation Act

Because Plaintiff was a federal employee, her disability-discrimination and failure-to-accommodate claims arise under § 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791. The Rehabilitation Act applies the employment-discrimination standards contained in the Americans with Disabilities Act ("ADA"). Therefore, although Plaintiff referred to the ADA, her pro se Complaint should be liberally construed as asserting the corresponding disability claims under the Rehabilitation Act.

Plaintiff sustained an on-the-job injury on September 12, 2018, that resulted in medical limitations and work restrictions known to USPS. Plaintiff alleges that she remained capable of performing available work within those restrictions and had previously performed or sought limited-duty work. USPS possessed medical information regarding her injury and restrictions and was aware that she required work assignments consistent with those limitations.

Plaintiff alleges that USPS failed to provide available work within her restrictions, failed to respond to repeated requests for CA-17 forms and related assistance, and failed to engage in a meaningful interactive process to determine whether she could continue working with a reasonable accommodation. These allegations plausibly state that USPS knew of

Plaintiff's medical limitations but failed to explore or provide a reasonable accommodation.

Whether a reasonable accommodation was available, what limited-duty work existed, whether Plaintiff could perform the essential functions of an available position, and whether USPS participated in the interactive process are fact-intensive questions. Relevant scheduling records, limited-duty assignments, medical documentation, communications between supervisors, and information concerning work provided to other employees are primarily within USPS's possession and should be addressed through discovery.

D. Plaintiff's Allegations Must Be Considered Collectively

Plaintiff's claims are supported by the combined circumstances alleged in the Complaint and further explained in this Response: her prior protected EEO activity; her work-related injury and medical restrictions; USPS's alleged failure to provide work or accommodation; unanswered requests for required forms; removal based on alleged document falsification; and more favorable treatment of a white employee accused of comparable conduct.

Considered collectively and with all reasonable inferences drawn in Plaintiff's favor, these facts provide more than labels or legal conclusions. They identify the adverse actions, the alleged discriminatory and retaliatory bases for those actions, and the facts supporting an inference of unlawful treatment. Plaintiff should therefore be permitted to proceed to discovery.

If the Court determines that Plaintiff's original pro se Complaint did not state any of these allegations with sufficient detail or under the correct statutory title, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice.

V. ALTERNATIVELY, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND HER COMPLAINT

If the Court determines that Plaintiff's original Complaint does not contain sufficient factual detail to state one or more claims, Plaintiff respectfully requests leave to amend under Federal Rule of Civil Procedure 15(a)(2) rather than dismissal with prejudice.

Rule 15(a)(2) provides that courts "should freely give leave when justice so requires." The Fourth Circuit follows a liberal policy favoring amendment so that cases may be resolved on their merits rather than dismissed because of pleading technicalities. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). Leave generally should be denied only when amendment would cause prejudice, is sought in bad faith, or would be futile. *Id.*

Plaintiff is proceeding pro se and prepared her original Complaint without the assistance of counsel. Any failure to identify the precise statutory basis for a claim, provide complete dates, or include every supporting factual detail was not intentional or made in bad faith.

Plaintiff has attempted through this Response to clarify the factual and legal bases of her claims after reviewing Defendant's arguments.

An amended complaint would permit Plaintiff to clarify, among other matters:

1. That she was employed by USPS as a Rural Carrier Associate;
2. That she sustained an on-the-job injury on September 12, 2018, resulting in medical restrictions known to USPS;
3. That USPS failed to provide available work within her restrictions, failed to engage in a meaningful interactive process, and failed to respond to her requests for CA-17 forms and related workers' compensation assistance;
4. The nature and timing of Plaintiff's prior protected EEO activity and the retaliatory treatment she alleges followed that activity;
5. That USPS removed Plaintiff based upon an accusation of falsifying medical documentation while allegedly retaining a similarly situated white employee accused of comparable misconduct;
6. That the Notice of Removal was dated and delivered on February 11, 2019, but stated that removal would occur 30 days after receipt rather than becoming effective on February 11, 2019;
7. That the removal notice informed Plaintiff only of a 14-day union grievance procedure and did not notify her of the separate 45-day deadline for contacting an EEO counselor;
8. That Department of Labor records later reflected a September 2019 termination date, creating a discrepancy concerning the effective date of Plaintiff's separation;
9. That Plaintiff's earlier EEO matters were handled with the assistance of union representatives or stewards and that she was not personally aware of the 45-day counseling requirement;
10. That Plaintiff continued pursuing her OWCP matter for several years, followed the advice of counsel concerning communications with USPS, and contacted an EEO counselor in January 2025 after learning that USPS's conduct could support separate discrimination and retaliation claims; and
11. That Plaintiff's federal disability-discrimination and failure-to-accommodate claims arise under § 501 of the Rehabilitation Act, which applies the relevant employment standards of the ADA.

These additional allegations would directly address the issues raised in Defendant's Motion to Dismiss. Amendment would not unfairly prejudice Defendant because this case remains at the pleading stage, discovery has not been completed, and Defendant is already aware of the employment actions and administrative proceedings involved.

The requested amendment would not be futile because the additional facts support plausible claims of race discrimination, retaliation, disability discrimination, disparate treatment, and failure to accommodate. They also support Plaintiff's request for an extension of the EEO counseling period under 29 C.F.R. § 1614.105(a)(2).

Accordingly, if the Court does not deny Defendant's Motion outright, Plaintiff respectfully requests that any dismissal be without prejudice and that she be allowed a reasonable period of time to file an amended complaint correcting any deficiencies identified by the Court.

VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss and permit Plaintiff's discrimination, retaliation, disparate-treatment, and failure-to-accommodate claims to proceed.

Plaintiff has alleged facts supporting a reasonable inference that USPS treated her unlawfully following her protected EEO activity and work-related injury. Plaintiff's Notice of Removal did not notify her of the 45-day EEO counseling requirement, and different records reflected different dates concerning the effective termination of her employment. These circumstances warrant consideration under 29 C.F.R. § 1614.105(a)(2) and should not be resolved against Plaintiff without factual development.

Alternatively, if the Court determines that Plaintiff's original pro se Complaint does not contain sufficient factual detail or does not identify the correct statutory basis for any claim, Plaintiff respectfully requests leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2). Plaintiff further requests that any dismissal be without prejudice and that she be allowed a reasonable period of time to correct any deficiencies identified by the Court.

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Deny Defendant's Motion to Dismiss;
2. Permit Plaintiff's claims to proceed to discovery;
3. Alternatively, grant Plaintiff leave to file an amended complaint; and
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 4th day of August 2026.

________________________________________


Timisha Tate, Plaintiff Pro Se
408 High St
Greensboro, NC 27406
Telephone: (336) 433-3213
Email: diamondsbestcleaning@gmail.com


CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August 2026, I conventionally filed the foregoing Plaintiff's Response in Opposition to Defendant's Motion to Dismiss with the Clerk of the United States District Court for the Middle District of North Carolina.

I further certify that on the same date, I served a true and correct copy of the foregoing document by hand delivery to:

Andrew S. Durham
Assistant United States Attorney
United States Attorney's Office
101 South Edgeworth Street, 4th Floor
Greensboro, NC 27401
Counsel for Defendant

________________________________________


Timisha Tate, Plaintiff Pro Se
408 High St
Greensboro, NC 27406
Telephone: (336) 433-3213
Email: diamondsbestcleaning@gmail.com


EXHIBIT INDEX

Exhibit A — Certificate of Mailing dated January 20, 2026, showing the date of mailing and supporting Plaintiff's position that five additional days applied to the filing period

Exhibit B — Filing-stamped documentation showing that Plaintiff filed her federal court paperwork on April 23, 2026

Exhibit C — Communication dated March 14, 2024, showing that Plaintiff remained in communication concerning her claim while represented by an attorney