**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| TIMISHA TATE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | Case No. 1:26CV367 |

**DEFENDANT UNITED STATES POSTAL SERVICE'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES the Defendant, United States Postal Service ("USPS" or "United States"), by and through the Honorable Dan Bishop, United States Attorney for the Middle District of North Carolina, and submits this brief in support of its Motion to Dismiss Plaintiff's Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. STATEMENT OF THE CASE

This matter is an untimely and unexhausted claim of employment discrimination and retaliation brought under Title VII and the Rehabilitation Act related to Plaintiff Timisha Tate's former employment with the United States Postal Service. Plaintiff alleges that discrimination arose from her race and disability and resulted in the termination of her employment, a failure to accommodate a disability, and retaliation.

The Amended Complaint remains untimely. Plaintiff previously certified that she received a Notice of Right to Sue letter on January 20, 2026. In her Amended Complaint,

Plaintiff again certifies that the EEOC denied reconsideration of her charge on January 20, 2026, and that she filed her initial Complaint in this Court on April 23, 2026. Plaintiff filed her Complaint more than 90 days after January 20, 2026, and it should be dismissed on this basis.

Additionally, even by the terms of the Amended Complaint, Plaintiff's initial EEO contact occurred well over 45 days after the alleged discrimination, which Plaintiff now clarifies occurred in 2018 and 2019. Any request to waive this time period raised in the Amended Complaint is unconvincing, especially considering that Plaintiff was represented by counsel and pursuing her legal rights during this time, according to her own account.

Finally, the discrimination and retaliation that Plaintiff did complain of in the EEO process allegedly occurred in March 2024, while Plaintiff alleges discrimination that occurred, if at all, in 2018 and 2019 in the present lawsuit. All of Plaintiff's claims should therefore be dismissed for failure to exhaust. Relatedly, Plaintiff did not properly raise race discrimination in the EEOC before bringing this suit and any claims of racial discrimination should be dismissed for this additional reason.

Thus, Plaintiff's Complaint is untimely, unexhausted, and fails to state a claim for which relief may be. For these reasons, the Complaint should be dismissed.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff initially brought this *pro se* action by Complaint dated April 23, 2026 (Doc. # 2). Following Defendant's Motion to Dismiss (Doc. # 9), the Court granted Plaintiff an opportunity to amend her complaint (Doc. # 14). The Amended Complaint that is the subject of this Motion to Dismiss followed on November 12, 2026.

The information in this statement of facts is taken from the allegations made on the face of Plaintiff's Amended Complaint.

Plaintiff worked as a Rural Carrier Associate for the USPS until apparently February 2019, when the USPS refused to assign work following Plaintiff's suffering an on-duty injury on September 12, 2018. Am. Compl. [Doc. # 16] ¶¶ 3, 7–9, 20, 28, 32. Prior to this point Plaintiff had submitted EEO complaints and grievances against a supervisor named Rose Wicker. Am. Compl. ¶¶ 11, 15. Plaintiff alleges that she was capable of continuing to work after her 2018 injury, but supervisor Wicker refused to assign her work. Am. Compl. ¶ 13.

The Notice of Removal at issue in this case was dated February 11, 2019, and alleged that Plaintiff had falsified medical documentation. Am. Compl. ¶¶ 20–21. Plaintiff admits that she did in fact change information on a medical document, but alleges that a white employee "also falsified a doctor's note but was not removed and remained employed." Am. Compl. ¶¶ 21–22. The Notice of Removal had an effective date of approximately March 13, 2019. Am. Compl. ¶ 20.

Rather than pursue any purported EEO charge, Plaintiff pursued a worker's compensation claim related to her injury for "approximately five years," while represented by an attorney. Am. Compl. ¶¶ 17–19, 33. On the advice of her attorney, Plaintiff attempted to obtain documents from the USPS in 2019 related to her injury. Am. Compl. ¶ 33.

On January 17, 2024, the Office of Workers Compensation accepted Plaintiff's claim of a traumatic injury related to her neck and shoulder injuries and Plaintiff received payment in July 2024. Am. Compl. ¶¶ 10, 19. Following this, "Plaintiff initiated the EEO pre-complaint process" on January 2, 2025, after speaking with her attorney about the process in July 2024.

Am. Compl. ¶¶ 19, 24, 34. Plaintiff admits that the January 2, 2025 contact "occurred more than 45 days after the 2018-2019 employment events." Am. Compl. ¶ 28.

The EEOC denied Plaintiff's charge of discrimination by final decision dated January 20, 2026, under case number 4B-270-3972-25 and Appeal Number 2025002837. Am. Compl. ¶¶ 25–26. Plaintiff alleges that the EEOC "gave notice of the right to file a civil action" on this date. Am. Compl. ¶ 26. Plaintiff does not allege that she received notice on a later date. *See id.*

Despite admitting that she had prior engagement with the EEO process, despite being represented by an attorney from 2019 to 2024, despite pursuing a worker's compensation claim related to her employment at the USPS, and despite admitting that her initial contact with an EEO counselor occurred over 45 days after the alleged discriminatory conduct, Plaintiff seeks waiver of the 45-day deadline because she was allegedly not personally aware of such a deadline. Am. Compl. ¶¶ 28–35A.

## III. QUESTIONS PRESENTED

A. Is Plaintiff's Complaint untimely on its face under Rule 12(b)(6) where it was filed more than 90 days after Plaintiff received an EEOC right-to-sue letter?

B. Should the Complaint be dismissed as unexhausted under Rule 12(b)(6) where the underlying record shows that Plaintiff first sought informal EEO counseling, if at all, 2,122 days after the alleged discriminatory conduct?

C. Should the Complaint be dismissed as unexhausted under Rule 12(b)(6) for the additional reason that Plaintiff did not allege discrimination or retaliation related to 2018 or 2019 conduct in the EEO process and where her federal claim is limited to the allegations in her EEO charge?

## IV. STANDARD OF REVIEW

A motion made under Rule 12(b)(6) tests whether a complaint has successfully "state[d] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While detailed factual allegations are not necessary to withstand a Rule 12(b)(6) challenge, a plaintiff must nonetheless provide "more than labels or conclusions" or a "formulaic" recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible only when a plaintiff pleads factual content that enables the Court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This "plausibility standard" requires "more than a sheer possibility that a defendant acted unlawfully." *Id.* In other words, "the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 680). "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Id.* at 255. While the court must assume that any "well-pleaded factual allegations" in a complaint are accurate, conclusory allegations "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

## V. ARGUMENT

### A. Dismissal is Appropriate Under Rule 12(b)(6) Because Any Title VII and Retaliation Act Claims Are Untimely on the Face of the Complaint

This Court should dismiss the Amended Complaint pursuant to Rule 12(b)(6) because Plaintiff filed it more than 90 days after she alleged that she received notice or her right to sue from the EEOC.

"Section 2000e-5 of Title VII requires that a Plaintiff filing under Title VII file suit within 90 days of receiving a notice of the right to sue from the EEOC." *Cromratie v. Carolina Dental Arts*, No. 1:17CV207, 2017 WL 5444549, at *2 (M.D.N.C. Nov. 1, 2017). Thus, a "discrimination claimant who fails to file suit within the ninety-day statutory time period mandated by Title VII generally forfeits the right to pursue his claim." *Radin v. Runyon*, 112 F.3d 510 (4th Cir. 1997). This same ninety-day statutory time period for filing a complaint applies to Rehabilitation Act claims. *See Baker v. Regan*, No. 1:23CV91, 2024 WL 2891474, at *4 (M.D.N.C. June 10, 2024), *report and recommendation adopted*, No. 1:23CV91, 2024 WL 3618442 (M.D.N.C. Aug. 1, 2024).

"[W]here facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Thus, "a defendant may properly raise an affirmative defense of untimeliness," such as the 90-day Title VII period, "through Rule 12(b)(6) when the facts supporting the defense plainly appear on the face of the Complaint." *Cromratie*, 2017 WL 5444549, at *2.

According to Plaintiff's Amended Complaint, the EEOC denied her underlying discrimination charge and gave notice of that decision on January 20, 2026. Am. Compl. ¶ 26. Ninety days after January 20, 2026, would have been April 20, 2026. Plaintiff signed and filed the Complaint in this matter on April 23, 2026. Compl. [Doc. # 2] ¶ IV.A; Am. Compl. ¶ 26. Thus, based on the information contained on the face of the Amended Complaint, Plaintiff's claims are untimely and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendant initially raised this ground for dismissal in its previous Motion to Dismiss (Doc. # 10). In her initial Complaint, Plaintiff certified that she received the EEOC's Notice of Right to Sue letter on "Jan 20, 2026." Compl. ¶ IV.B. While noting the hypothetical possibility that Plaintiff received notice of the physical right-to-sue letter later than this date, Defendant argued that by her own account—and as would be possible through electronic notification—Plaintiff received notice on January 20, 2026. Despite being aware of these arguments, and Defendant's related arguments that the Complaint was untimely, Plaintiff has failed to address this issue in her Amended Complaint and instead confirms that "[o]n January 20, 2026, the EEOC denied reconsideration, and gave notice of the right to file a civil action." Am. Compl. ¶ 26 (citation omitted). While Plaintiff has asked for equitable relief from the 45-day EEO counselor contact deadline, she has not sought similar relief from the 90-day filing deadline, despite being alerted to this issue and being granted the opportunity to amend her Complaint. Thus, and again by the Complaint and Amended Complaint's own allegations, Plaintiff's filing is untimely and should be dismissed as such.

### B. Dismissal Is Appropriate Under Rule 12(b)(6) Where the Amended Complaint Shows that Plaintiff First Sought EEO Counseling 2,122 Days After the Challenged Conduct Occurred and Tolling of the 45-Day Time Period Is Not Warranted.

This Court should dismiss all Title VII and Rehabilitation Act claims against Defendant for failure to exhaust under Rule 12(b)(6) because Plaintiff waited 2,122 Days—or 2,077 days beyond the permitted 45 days—to first seek EEO counselor contact.

> [Under Title VII, a] federal employee who believes herself to be aggrieved must initiate contact with a counselor within forty-five days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within forty-five days of the effective date of the action. 29 C.F.R. § 1614.105(a) (July 12, 1999). A plaintiff's failure to timely consult an EEO counselor requires dismissal of her claims for failure to exhaust her administrative remedies. *See Zografov v. Veteran's Admin. Med. Ctr.*, 779 F.2d 967, 968–69 (4th Cir. 1985). Courts strictly adhere to these time limits and rarely allow equitable tolling of limitations periods. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

*Khoury v. Meserve*, 85 F. App'x 960, 960 (4th Cir. 2004); *accord Farmer v. Miller*, No. 5:20-CV-00677-M, 2022 WL 857040, at *4 (E.D.N.C. Mar. 22, 2022). Failure to exhaust these administrative remedies is a basis for dismissal under rule 12(b)(6). *See Barnes v. Quest Diagnostics Clinical Lab'ys, Inc.*, No. 1:22-CV-736, 2024 WL 1307217, at *3 (M.D.N.C. Mar. 27, 2024). Similarly, "Rehabilitation Act claims 'must comply with the same administrative procedures that govern federal employee Title VII claims.'" *Stewart v. Iancu*, 912 F.3d 693, 698 (4th Cir. 2019) (quoting *Wilkinson v. Rumsfeld*, 100 F. App'x 155, 157 (4th Cir. 2004)). This includes the 45-day period to seek EEO counseling. *Wilkinson*, 100 F. App'x at 157.

Plaintiff now concedes that she first sought EEO counseling more than 45 days after the alleged discriminatory conduct: Plaintiff challenges "2018-2019 employment events" related, apparently, to a February 11, 2019 termination with a March 13, 2019 effective date, and

she first sought EEO contact on January 2, 2025. Am. Compl. ¶¶ 20, 24, 28, 32. Thus, Plaintiff first sought EEO counseling 2,122 days after the alleged discriminatory conduct: the effective date of her termination. Despite this years-long delay, and despite being represented by counsel for much if not all of this period, Plaintiff asks this Court to extend the 45-day EEO counseling Period. Am. Compl. ¶¶ 28-35A. Defendant respectfully asks this Court to deny Plaintiff's request and dismiss the Complaint as unexhausted.

First, Plaintiff's being represented by an employment attorney shows just how unreasonably delayed her initial EEO counseling was.

Plaintiff admits that she started speaking with her employment attorney—who had already been representing her—specifically about initiating an EEO Complaint in July 2024. Am. Compl. ¶¶ 19, 34. However, she only initiated the "EEO pre-complaint process" on January 2, 2025, at least 155 days later. Thus, even if Plaintiff were correct that she was personally unaware of the 45-day period—which Defendant contests, but which is outside of the scope of a motion to dismiss where Complaint factually alleges that she was not aware of the 45-day period—she would still have been 110 days late in initiating EEO contact even from the date

she spoke to an attorney about this issue and became constructively aware of the 45-day limit.[1] This is completely apart from the fact that the EEO Complaint did not even allege that discrimination had occurred in 2019 as Plaintiff now contends, or that it would have been years as opposed to days late even if it had alleged discrimination in 2019.

Plaintiff has offered no persuasive argument as to why, despite working with an employment attorney specifically related to her employment at the USPS at this time, the Court should toll the 45-day period to permit her to challenge conduct that was already more than five years old at the time of her first EEO contact and is now nearing eight years old. "The burden of showing facts to justify tolling rests with [Plaintiff]." *DiPaulo v. Potter*, 733 F. Supp. 2d 666, 673 (M.D.N.C. 2010). Plaintiff has failed to meet this burden, especially where her admission that she consulted with an attorney about this matter should impute constructive knowledge of the EEO requirements to her.

As Defendant previously argued in its Reply Brief for its first Motion to Dismiss, Plaintiff's allegation that she was represented by counsel during several years of the 2,122-day delay

---

[1] However, Plaintiff's conclusory allegation that she was unaware of the EEO process despite filing "prior EEO complaints" is doubtful, especially considering the extensive length of the delay between the alleged discrimination in 2018 and 2019 and her first contact with an EEO counselor in 2025. To the extent Plaintiff's Complaint is not dismissed, Defendant contests any argument that Plaintiff was not at least constructively aware of the EEO counseling requirements.

Additionally, while outside of the scope of a Motion to Dismiss, Defendant believes that Plaintiff previously filed EEO charges specifically related to her February 11, 2019, termination and that these charges were resolved in 2019 under case number 4K-270-0040-19. To the extent this matter proceeds past the Motion to Dismiss stage, Defendant reserves the right to argue that Plaintiff's attempt to relitigate a years-old and resolved EEO charge for the first time via a federal lawsuit requires dismissal.

between the challenged conduct and her first EEO contact would not support a finding that she was unaware of the 45-day period. Rather, the fact that she was represented by counsel would support, at least in part, a finding that she had constructive notice of her rights and obligations under Title VII. *See English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987) (noting, in an ADEA case, that even if an employee is not personally aware of a charging period, "the charging period is tolled until the plaintiff 'acquires actual knowledge of his rights *or retains an attorney*'" (emphasis added) (quoting *Vance v. Whirlpool Corp.*, 716 F.2d 1010, 1013 (4th Cir. 1983))); *Nguyen v. Bessent*, No. 23-1220, 2025 WL 502073, at *4 (4th Cir. Feb. 14, 2025) (discussing Title VII and ADEA charging requirements together); *see also Pesek v. Gates*, 247 F. App'x 62, 64 (9th Cir. 2007) ("Pesek's argument that he is entitled to equitable tolling because he was not aware of the 45–day requirement fails because he retained counsel within days of his termination."); *but see Zell v. Donley*, 757 F. Supp. 2d 540, 546 (D. Md. 2010) (recognizing that "whether a plaintiff is represented by counsel is an important factor to consider" but not dispositive in determining whether the 45-day period should be tolled and finding tolling where plaintiff's contact with attorney was not in the context of employment law) (citing *United States ex rel. Humble Oil & Ref. Co. v. Fid. & Cas. Co. of N.Y.*, 402 F.2d 893, 899 (4th Cir. 1968)).

Additionally, Plaintiff also acknowledges that she had at least passing prior experience (and indeed success) with the EEO process. Am. Compl. ¶¶ 11, 15, 30.

These three related factors—the extreme length of the delay, Plaintiff's representation by counsel, and Plaintiff's previous experience with the EEO process—distinguish this case from *Jakubiak v. Perry*, 101 F.3d 23 (4th Cir. 1996).

First, the delay in *Jakubiak* between the allegedly discriminatory act and Jakubiak's meeting with an EEO counselor was at most five months. *Jakubiak*, 101 F.3d at 25 (Jakubiak heard rumors of his federal employer hiring an unqualified candidate in April 1994, that candidate was hired on May 29, 1994, and Jakubiak made EEO counselor contact on August 23, 1994).

Second, Jakubiak lodged a grievance about his Department's hiring of an unqualified person and was given instructions on filing an EEO complaint that specifically did not list any deadline. *Jakubiak v. Perry*, 101 F.3d at 25. Additionally, Jakubiak was at least in part mislead about his remedies: after Jakubiak filed a grievance which was denied he was then informed that "there is no right to further administrative review." *Id.* When he subsequently filed an EEO charge despite this information, he was incorrectly informed that his charge was timely. *Id.* at 25–26

Lastly, the opinion does not reflect that Jakubiak had prior EEO experience or had been represented by employment counsel prior to filing an EEO charge.[2]

As to Plaintiff's remaining arguments for tolling, the fact that the termination letter did not specifically inform Plaintiff that she had forty-five days to seek EEO counseling (Am. Compl. ¶¶ 32–33), is—even if accepted as true for the sake of argument—not sufficient to

---

[2] Also important factually to Jakubiak's case was the fact that notice of the 45–day time limit for contacting an EEO Counselor was not posted anywhere in the building where Jakubiak worked. *Jakubiak*, 101 F.3d at 25. Plaintiff has not alleged that notice was not posted in her place of work, merely that she did not have personal knowledge of the 45-day time limit. *See* Am. Compl. ¶¶ 28, 35. As noted above, in the event this case proceeds past a motion to dismiss, Defendant intends to challenge any presumptive argument that notice was not posted in the building where Plaintiff worked and it does not concede any such argument here. Whether notice was posted is simply a factual matter that it outside of the scope of a motion to dismiss.

toll or waive any exhaustion requirement. As just noted, Plaintiff, by her own admission, was represented by counsel related to her employment at USPS and thus she would have constructive knowledge of her rights. Moreover, a termination letter is not the sole—or even the primary—way an employee would receive notice of exhaustion requirements. *See DiPaulo*, 733 F. Supp. 2d at 674 n.5 (recognizing that an employee can be found to have constructive notice of the time limit, including where notice of it is properly posted in a workplace). Additionally, Plaintiff admits that the termination letter informed her that it would take effect within 30 days and that she had a 14-day union grievance deadline. Am. Compl. ¶¶ 20, 32–33. Plaintiff was thus put on alert that she would need to challenge the termination in some way if she felt it was inappropriate or discriminatory. Unlike the employee in *Jakubiak*, Plaintiff did not file even a grievance related to this conduct and was not led to believe that there was no time-limitation to challenge any discriminatory conduct. *Cf. Jakubiak*, 101 F.3d at 25–26 (Jakubiak filed a grievance, was told that he could file an EEO charge but was not informed of the deadlines, and was in fact subsequently informed that his EEO charge was timely). As reflected in the Amended Complaint, not only did Plaintiff not challenge the termination within fourteen days, or thirty days, or forty-five days: she waited 2,122 days to challenge the termination. In the circumstances of this case—including the fact that the 2024 conduct she eventually did challenge was unrelated to the allegations in her Complaint that arose from conduct in 2018 and 2019—waiver or tolling of the 45-day EEO deadline should not be granted.

For all of these reasons, Plaintiff's arguments fail to establish that she appropriately exhausted her Title VII and Rehabilitation Act claims when she first sought EEO counseling 2,077 days past the 45-day period allowed. *See English*, 828 F.2d at 1049 ("Equitable exceptions

to the [Title VII] statutory limitations period should be sparingly applied, however" because the "certainty and repose these provisions confer will be lost if their application is up for grabs in every case."); *accord Escander v. Wormuth*, No. 5:20-CV-589-BR, 2021 WL 4342724, at *1 (E.D.N.C. Sept. 23, 2021).

### C. The Complaint Should Be Dismissed in Its Entirety Because Plaintiff Failed to Administratively Exhaust All Claims.

This Court should dismiss any Title VII and Rehabilitation Act claims related to 2018 or February 11, 2019, discrimination or retaliation under Rule 12(b)(6) because Plaintiff did not allege any discrimination or retaliation related to that date in the EEO below. Thus, as is apparent from the face of the Amended Complaint and Plaintiff's acknowledged EEOC opinion, what she challenged in the EEOC was not the same as she is challenging now. Furthermore, Plaintiff did not allege any race discrimination at all and any Title VII race discrimination claim should be dismissed for that additional reason.

"Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). As the Fourth Circuit has explained:

> Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC. *See Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir.2000). The EEOC charge defines the scope of the plaintiff's right to institute a civil suit. *Id.* "An administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination."

*Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002).

As noted above, as part of the Amended Complaint, Plaintiff referenced an EEOC decision identified by Appeal Number 2025002837 and Agency Number 4B-270-03972-25. Am. Compl. ¶¶ 25–26. In her initial Complaint, Plaintiff also attached this EEOC decision, which in turn referenced an underlying decision in "*Youlanda P. v. United States Postal Service*, EEOC Appeal No. 2025002837 (August 25, 2025)." Compl. at 7-9.[3] This August 25, 2025 EEOC decision has been published and is available via widely used electronic databases, such as Westlaw and LEXIS, as confirmed by the anonymized party name, the date of decision, the EEOC Appeal Number, and the Agency Number. *See Youlanda P.*, EEOC App. No. 2025002837, 2025 WL 4668075, 2025 LX 677869, 2025 EEOPUB LEXIS 3222 (2025).[4]

The Court may consider this August 25, 2025 decision in deciding Defendant's Motion to Dismiss to the extent that the underlying decision itself is integral to and explicitly relied on in the initial Complaint, the decision is referenced via the appeal Plaintiff refers to in her Amended Complaint, and because it is a matter of public record whose veracity is not in doubt and bears on the nature of Plaintiff's claims. *See Barnes*, 2024 WL 1307217, at *3.

Taken together, these decisions relate to the procedural posture of Plaintiff's Amended Complaint and the scope of the factual allegations contained therein. As the August 25, 2025 EEOC decision stated, in relevant part:

---

[3] As noted in the decision attached to the initial Complaint, "Youlanda P." is a randomly assigned pseudonym used to identify Plaintiff's case when the decision was published to non-parties.

[4] This August 2025 decision is also available to view publicly via the EEOC's online database at https://www.eeoc.gov/sites/default/files/decisions/2026_03_20/2025002837%20DEC_0.pdf.

> On January 2, 2025, Complainant made EEO Counselor contact. On April 11, 2025, Complainant filed a formal complaint alleging that the Agency subjected her to discrimination based on disability, and in reprisal for prior protected EEO activity when: *in March 2024, management informed the Department of Labor (DOL) that Complainant was terminated, and she was only paid compensation through September 19, 2019*.
>
> . . . .
>
> *In the instant case, the alleged discriminatory act occurred in March 2024*, but Complainant did not initiate contact with an EEO counselor until January 2, 2025, at least ten months later, well beyond the 45-day limitation period.

*Youlanda P.*, 2025 WL 4668075, at *1–2, 2025 LX 677869, at *1–3, 2025 EEOPUB LEXIS 3222, at *1–3 (emphases added).

The underlying EEOC decision shows that Plaintiff failed to properly exhaust her administrative remedies related to all of the claims raised before this Court. Whereas Plaintiff's initial Complaint was unclear on what conduct she was challenging, she has now clarified that she seeks to bring Title VII and Rehabilitation Act claims related to a September 2018 injury and her subsequent February 2019 termination from the USPS. Am. Compl. ¶¶ 11–23. Plaintiff made allegations related to neither this conduct nor this time frame in the underlying EEOC charge. *Youlanda P.*, 2025 WL 4668075, at *1–2, 2025 LX 677869, at *1–3, 2025 EEOPUB LEXIS 3222, at *1–3 (identifying a March 2024 date related to worker's compensation payments in September 2019).

Because Plaintiff is limited by the scope of the EEOC charge and any claims reasonably related to them, her prior EEO allegations that in "March 2024, management informed the Department of Labor (DOL) that Complainant was terminated, and she was only paid

compensation through September 19, 2019" do not encompass her current claims that she was discriminated against in September 2018 and February 2019.

Moreover, any race discrimination claim Plaintiff hopes to raise now is unexhausted because she did not allege race discrimination before the EEOC in any form. *Youlanda P.*, 2025 WL 4668075, at *1–2, 2025 LX 677869, at *1–3, 2025 EEOPUB LEXIS 3222, at *1–3 ("On April 11, 2025, Complainant filed a formal complaint alleging that the Agency subjected her to discrimination based on disability, and in reprisal for prior protected EEO activity . . . .").

For these reasons, Plaintiff claims should be dismissed in their entirety.

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's claims as set out herein pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This the 25th day of November, 2026.

Respectfully submitted,

DAN BISHOP
United States Attorney

*/s/ Andrew Durham*
Andrew S. Durham
Assistant United States Attorney
NC Bar No. 61630
101 South Edgeworth Street, 4th Floor
Greensboro, NC 27401
(336) 333-5351
andrew.durham@usdoj.gov
*Counsel for Defendant United States of America*

## CERTIFICATE OF WORD COUNT

I certify that this Memorandum complies with the word count limit set forth in L.R. 7.3(d). The number of words in this Memorandum, exclusive of the caption, signature lines, certificate of service, and any cover page or index, according to the word count feature of the word processing software used to prepare the Memorandum, does not exceed 6,250 words.

This the 25th day of November, 2026.

*/s/ Andrew Durham*
Andrew S. Durham
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2026, the foregoing was served on the following by mailing it to the person's last known address pursuant to Federal Rule of Civil Procedure 5(b)(2)(C):

Timisha Tate
408 High Street
Greensboro, NC 27406
*Pro se Plaintiff*

*<u>/s/ Andrew Durham</u>*
Andrew S. Durham
Assistant U.S. Attorney